IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CR-30038-SMY |
| | ) |
| DAKOTA L. CHILDS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Dakota L. Childs was serving a 2-year term of supervised release after serving 37 months of incarceration for Possession of a Weapon by a Felon in violation of 18 U.S.C. § 922(g). On January 10, 2020, the United States Probation Office filed a Petition to Revoke Supervised Release, alleging that Defendant committed various offenses, possessed controlled substances, failed to report, admitted using alcohol, and failed to make regular monthly penalty payments, all in violation of the mandatory, administrative, and special conditions of his supervised release (Doc. 58).

Defendant appeared before Magistrate Judge Mark A. Beatty for an initial appearance and detention hearing on January 27, 2020 and was released subject to remote alcohol testing in addition to the existing conditions of his supervised release (Doc. 64). On February 20, 2020, the Government filed a Motion to Revoke Bond after Defendant was cited for traffic infractions and inadvertently revealed to his probation officer that he possessed marijuana and related paraphernalia during the traffic stop (Doc. 67). Following a hearing on the motion before Magistrate Judge Gilbert C. Sison, Defendants' bond was revoked and he was detained (Doc. 72). A final hearing on the Petition to Revoke Supervised Release is scheduled for June 8, 2020 (Doc. 74).

Now pending before the Court is Defendant's Motion to Amend/Correct Terms of Confinement (Doc. 75). Defendant seeks release from the Alton County Jail and states that he is "at an increased risk of harm from COVID-19" because he suffers from acute asthma requiring treatment. The Government responded in opposition to the motion (Doc. 79). The Court finds that a hearing on the motion is not necessary.

Title 18 U.S.C. § 3143 governs release or detention pending a final hearing on a petition for revocation of supervised release. FED.R.CRIM.P 32.1(a)(6). A defendant "shall . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a). Additionally, due to his offense of conviction and pursuant to 18 U.S.C. § 3145(c), the Court may not permit Defendant to be released pending a final hearing even if he meets the conditions of release outlined in § 3143(a)(1) or (b)(2) unless "…it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

Defendant's motion does not address the applicability of § 3143 to his detention, nor has he articulated exceptional reasons or circumstances to satisfy § 3145(c). As the Government notes, Defendant's asthma and allergies are being treated by staff at the jail with medication, there is no evidence that detainees at the Alton County Jail have been exposed to COVID-19, and there is no evidence that Defendant's medical conditions uniquely place him at greater risk of contracting the virus. He does not claim that his asthma is not being treated adequately or that he is incapable of self-care while in the jail. There is no evidence that any inmates at the jail have tested positive for or are suspected of having COVID-19, and there is no showing that the jail is failing to take reasonable steps to minimize the risk associated with the coronavirus.

Defendant has proffered no changed circumstances to justify a reconsideration of the

Court's original findings. As such, the Court finds that Defendant remains a danger to the community and the COVID-19 pandemic does not warrant his release. Defendant's Motion to Amend/Correct Terms of Confinement (Doc. 75) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  May 8, 2020**

**STACI M. YANDLE**
**United States District Judge**